Barbara Beth JELLOW, Lynn Yarnall, Kerry Ellen Zahn, Katie King Larson, Lori Beth Minor, Susan Allsopp, and Eve Marie Colello–Moltzen, Plaintiffs,

v.

The ABBOTT LABORATORIES, Burroughs–Wellcome & Co., Inc., Carnrick Laboratories, Inc., Chase Chemical Co., Chromally American Corporation, Dart Industries, Inc., p/k/a Rexall Drug Co., Inc., Eli Lilly & Co., Emons Industries, Inc., p/k/a Amfre Grant, Kremers–Urban Co., n/k/a Mequon Co., Lannett Co., Inc., Lincoln Laboratories, Inc., McNeilab, Inc., S.E. Massengill, a/k/a Beechum, Inc., Merck & Co., Inc., Merrell Dow Pharmaceuticals, Inc., Premo Pharmaceutical Laboratories, Inc., p/k/a Lemmon Co. of N.J., Inc., Rite–Aid Corporation, Rhone–Poulenc Rorer Pharmaceuticals, Inc., p/k/a William H. Rorer, Inc., Rowell Laboratories, Inc., Schering Corporation, Solvay Pharmaceuticals, Inc., p/k/a Reid–Provident Laboratories, Inc., Stanley Drug Products Inc., A Division of Sperti Drug Corporation, E.R. Squibb & Sons, Inc., The Upjohn Company, and West–Ward, Inc., n/k/a The Industrial Way Liquidating Corp., Defendants.

No. 95–CV–0506 (JBW).

United States District Court, E.D. New York.

Aug. 16, 1995.

Sybil Shainwald, Law Office of Sybil Shainwald, P.C., New York City, for plaintiffs.

Robert D. Wilson, Patterson, Belknap, Webb & Tyler, New York City, for The Abbott Laboratories and McNeilab, Inc.

Catherine Mary Feehan, Lester Schwab Katz & Dwyer, New York City, for Burroughs–Wellcome & Co., Inc.

Lester Schwab, Lester Schwab, Katz & Dwyer, New York City, for Carnrick Laboratories, Inc. and Merrell Dow Pharmaceuticals, Inc.

Leonard F. Lesser, Schneck, Weltman, Hasmall & Mischel, L.L.P., New York City, for Chromally American Corp., and Premo Pharmaceutical Laboratories, Inc.

A. Edward Grashof, Winthrop, Stimson, Putnam & Roberts, New York City, for Dart Industries Inc.

Susan Kelty Law, Beatie, King & Abate, New York City, for Eli Lilly and Co.

Eric D. Statman, Anderson Kill Olick & Oshinsky, P.C., New York City, for Emons Industries, Inc.

Lori S. Evenchick, Cooper, Kardaras & Scharf, New York City, for Kremers–Urban Co.

John C. Maloney, Pitney Hardin Kipp & Szuch, Morristown, NJ, for S.E. Massengill.

Bruce D. Margolin, Law Office of Thomas J. Ludlum, R. Patrick White, New York City, for Rhone–Poulenc Rorer Pharmaceuticals Inc. and Pharmaceuticals Inc.

Robert L. Boydstun, M. Leeann Irvin, Gladstein & Isaac, New York City, for Rowell Laboratories Inc.

Bennet Susser, Marc S. Klein, Sills, Cummis, Zuckerman, Radin, Tischman, Epstein & Gross, P.A., New York City, for E.R. Squibb & Sons, Inc.

Richard Adam Schioppo, Sedgwick, Detert, Moran & Arnold, New York City, Frank J. Giliberti, Rivkin, Radler & Kremer, Uniondale, NY, for The Upjohn Co.

Henry R. Simon, White Plains, NY, for West–Ward, Inc.

Linda Trummer Napolitano, Law Offices of Henry R. Simon, White Plains, NY, for Schering Corp.

Robb William Patryk, Hughes Hubbard & Reed, New York City, for Merck & Co.

## AMENDED MEMORANDUM AND ORDER

WEINSTEIN, Senior District Judge.

Defendants, formerly manufacturers of DES for use in pregnancy have moved for summary judgment on the claims of plaintiff Lynn Yarnall.

They contend that Yarnall's claims are time-barred under the New York statute of limitations. Defendants' motion is denied.

Yarnall was born in New York in 1943. She moved to Florida in 1992, where she currently resides. She filed her complaint in the instant case on February 3, 1995. Her alleged medical problems include invasive adenocarcinoma requiring radical hysterectomy, partial vaginectomy, renal failure, and a variety of bladder problems requiring daily self-catheterization.

In 1977, cancer of the cervix was diagnosed requiring medical intervention, including a hysterectomy. Urinary tract problems developed in the late 1970s, including nighttime incontinence. Plaintiff experienced attacks of abdominal pain beginning in June of 1991. She was subsequently catheterized by a urologist. Plaintiff was diagnosed with a "radiated" nonfunctional bladder in March of 1992. She has had a Foley catheter inserted in her bladder for the last year and a half.

Plaintiff contends that she only recently learned about the role of DES in her medical problems. In 1989 Allsopp's mother told her that she had taken "sebestrol" while pregnant. Allsop says that she learned about DES for the first time approximately a year

and a half ago from an organization called DES Action. She claims that prior to that time, no one ever told her that DES caused her medical problems.

Defendants assert that plaintiff's claim is barred under the New York statute of limitations since, in their view, the discovery rule, N.Y.Civ.Prac.L. & R. 214–c(2), does not apply to Yarnall's claim. Under section 214–c(2), a plaintiff injured by the latent effects of exposure to a toxic substance has three years from the date she discovered, or should have discovered, her medical problem and its human cause to file suit. *See* Amended Memorandum, *Braune v. Abbott Lab.*, 895 F.Supp. 530, 550–551 (E.D.N.Y.1995). Excluded from the discovery provision—and left to the harsh treatment of pre–1986 common law— are those claims based on injuries that were discovered or should have been discovered prior to 1986, the date of the statute's enactment:

6. This section shall be applicable to acts, omissions or failures occurring prior to, on or after July first, nineteen hundred eighty-six, except that this section shall not be applicable to any act, omission or failure:

(a) which occurred prior to July first, nineteen hundred eighty-six, and

(b) which caused or contributed to an injury that either was discovered or through the exercise of reasonable diligence should have been discovered prior to such date, and

(c) an action for which was or would have been barred because the applicable period of limitation had expired prior to such date.

N.Y.Civ.Prac.L. & R. 214–c(6).

"Discover[y]" of an "injury," as used in section 214–c(6)(b), means plaintiff's awareness of her medical problems due to her DES exposure *and* of the fact that her problems were caused by human intervention rather than nature. *Cf. Braune*, Memorandum at 543–554 (construing "discovery" of "injury" in context of section 214–c(2)).

Summary judgment is inappropriate since a jury will have to determine when Yarnall discovered, or should have discovered her injury and its human cause. *See id.* at 556–557 (appropriateness of jury resolution of disputed factual issues related to application of statute of limitations and discovery rule).

The March 1992 diagnosis of a "radiated" nonfunctional bladder may provide the basis for a timely claim independent of the possible staleness of Yarnall's other claims under either section 214–c(2) or section 214–c(6). Additional development of the record, and possibly expert medical testimony, is required before it can be determined whether or not the nonfunctional bladder is "separate and distinct" from Yarnall's earlier bladder difficulties. *Id.* at 555–556.

SO ORDERED.